IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEE FRAZIER,

        Petitioner,                  No. 2:10-cv-03174 KJM KJN P

   vs.

KATHLEEN DICKINSON,

        Respondent.             FINDINGS AND RECOMMENDATIONS[1]

_____/

        Petitioner, a state prisoner proceeding without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on claims that his federal constitutional rights were violated by a 2008 decision of the California Board of Parole Hearings denying petitioner parole.

        Pending before the court is respondent's motion to dismiss, pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  "Rule 4 of the Rules Governing Section 2254 in the United States District Courts explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (citations and internal quotation marks omitted). Given the clear merits of the motion, and the court's independent authority to dismiss a petition

---

[1] This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and E.D. Cal. L.R. ("Local Rule") 302.

1

that fails to demonstrate entitlement to relief,[2] the court issues these findings and recommendation that this action be dismissed before awaiting petitioner's response to the pending motion.

Petitioner is presently incarcerated at the California Medical Facility in Vacaville, California, serving a life sentence that commenced in 1978. Petitioner challenges the sufficiency of the evidence underlying the December 3, 2008 decision of the California Board of Parole Hearings ("Board") denying petitioner parole. Following the Supreme Court's recent decision in Swarthout v. Cooke, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627 (Jan. 24, 2011), respondent filed the instant motion to dismiss.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory

---

[2] See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, supra, 2011 WL 197627, at *2. In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 2011 WL 197627, at *3. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at *3. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, at *2-3.

Here, petitioner challenges only the sufficiency of the evidence relied upon by the Board in reaching its decision, not actionable under Swarthout. The record reflects that petitioner was present, with counsel, at the December 3, 2008 parole hearing, that petitioner was afforded access to his record in advance, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. (Dkt. No. 1 at 33-95.) According to the United States Supreme Court, the federal due process clause requires no more.

Accordingly, for the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 11) be granted; and

2. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 23, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fraz3174.157

4